**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | Case No. 25-158 |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondent*. | Case No. 25-572 |
| ENVIRONMENTAL DEFENSE FUND,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Respondents*. | Case No. 25-573 |

**UNOPPOSED MOTION TO HOLD CASES IN ABEYANCE**

1

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold these matters in abeyance for 120 days to allow new Agency leadership to review the underlying rule. Petitioners take no position on the requested abeyance.

1. Petitioners seek review of an EPA action entitled, "Updates to New Chemicals Regulations Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 102773 (Dec. 18, 2024).

2. These petitions for review were consolidated in this Court on January 27, 2025, pursuant to an order of the Judicial Panel on Multidistrict Litigation. The parties have yet to propose a briefing schedule.

3. As the Court is aware, a new administration took office on January 20, 2025.

4. EPA needs time to brief new administration officials about this case and the underlying rule, to allow them to decide what action, if any, is necessary.

5. To undertake that review in an orderly and deliberate fashion, EPA requests that the court abate proceedings in this matter for 120 days.

6. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997);

---

[1] Administrator Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

see also *Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (recognizing that a "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of [administrative] proceedings which bear upon the case"). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

7. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 968 (9th Cir. 2015) (explaining that "[e]lections have policy consequences," and an agency is "entitled" to weigh concerns differently after a change in presidential administrations, "even on precisely the same record").

8. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order (Doc. Nos. 12101852, 11997944), *Rural Coalition, v. EPA*, No. 20-73220 (9th Cir. May 4, 2021) (abating challenge to EPA action following change in

3

administration); Order (Doc. Nos. 12064946, 12062199), *Alaska Community Action on Toxics v. EPA*, No. 21-70168 (9th Cir. Apr. 6, 2021) (abating challenge to EPA rule under TSCA following change in administration); Order (Doc. Nos. 10428699, 10423672), *Dalton Trucking, Inc. v. EPA*, No. 13-74019 (9th Cir. May 10, 2017) (following change in administration, granting opposed motion to postpone oral argument in challenge to EPA rule).

9. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.").

10. No party would be prejudiced by the requested abeyance. These cases are in their infancy, and neither the administrative record nor a briefing schedule has been filed. No Petitioner objects to the proposed abeyance.

11. For these reasons, the Court should place this matter in abeyance for 120 days, with motions to govern due at the end of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
   *Deputy Assistant Attorney General*

| | |
|---|---|
| *Of Counsel:* <br> ELIZABETH THALER <br> DEVI CHANDRASEKARAN <br>   Office of the General Counsel <br>   U.S. Environmental Protection Agency <br>   Washington, D.C. | /s/ *Samuel B. Stratton* <br> SAMUEL B. STRATTON <br>   Environmental Defense Section <br>   Environment and Natural Resources Division <br>   U.S. Department of Justice <br>   P.O. Box 7611 <br>   Washington, D.C. 20044 <br>   (202) 514-6535 <br>   samuel.stratton@usdoj.gov |

February 11, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 674 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 11, 2025