**NOT SCHEDULED FOR ORAL ARGUMENT**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, *et al.*,<br><br>    *Petitioners,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>    *Respondent.* | Case No. 25-572 |

**PETITIONER INTERNATIONAL UNION, UAW'S MOTION TO SUPPLEMENT THE RECORD ON REVIEW**

Petitioner, International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America, AFL-CIO (International Union, UAW) respectfully requests, pursuant to Fed. R. App. P. 27 and Local Rule 27-1, that this Court supplement the record on review in the instant case with the Declaration of Dr. Darius Sivin. Dr. Sivin's Declaration is included in the Statutory and Regulatory Addendum filed with the Opening Brief of Petitioner, International Union, UAW. Counsel for Environmental Defense Fund and Alaska Community Action on Toxics consent to the grant of this motion. Due to the

government shutdown, the undersigned counsel have not been able to obtain the position of Respondent, Environmental Protection Agency (EPA).

In support of this motion, the UAW states as follows:

1. Dr. Darius Sivin is an International Representative for the UAW. During the course of his duties for the union, Dr. Sivin became aware of new chemicals being used in a UAW-represented facility and sought information about those chemicals.

2. His inability to obtain such information was described in comments that the International Union, UAW and other unions filed with the Environmental Protection Agency (EPA), in response to EPA's proposed procedural rules for approving new chemical applications (Union Comments). The Union Comments are included in the Administrative Record in this case. Dr. Sivin's declaration augments the description in the Union Comments of his efforts to obtain information about the chemicals to which UAW members are exposed. The representations in Dr. Sivin's declaration are purely factual.

3. The arguments the UAW presented to EPA, and which form the basis for the petition for review now before this Court, are grounded in Dr. Sivin's experience. The detailed description of Dr. Sivin's largely unsuccessful

efforts to obtain information from EPA about new chemicals to which the UAW's members were exposed is offered for two interrelated reasons.

4. First, Dr. Sivin's declaration establishes that the UAW has an interest in the transparency of EPA's new chemical procedures and that it has been injured in fact by the limited transparency of those procedures.

5. Second, the declaration describes, in greater detail than did the Union Comments, Dr. Sivin's efforts to obtain information about pending new chemical applications and the workplace protections EPA mandated as a condition of approving the use of the chemical, and his inability to do so.

WHEREFORE, Petitioner, International Union, UAW respectfully requests that the Court supplement the record on review with the Declaration of Dr. Darius Sivin.

Respectfully submitted,

/s/ Randy Rabinowitz
Randy S. Rabinowitz
Victoria L. Bor
OSH Law Project, LLC
P.O. Box 3769
Washington, DC 20027
T: 202-256-4080
T: 301-785-3204
randy@oshlaw.org
victoriabor87@gmail.com

3

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rules of Appellate Procedure 27(d)(2) and 32(a)(7)(B) because it uses a monospaced typeface and contains 405 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in 14-point typeface using Time New Roman font.

/s/ *Victoria L. Bor*
Victoria L. Bor

*Counsel for International Union, UAW*

October 15, 2025

# **CERTIFICATE OF SERVICE**

I hereby certify that I e-filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 15, 2025.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ *Victoria L. Bor*
Victoria L. Bor

*Counsel for International Union, UAW*

**EXHIBIT**

**DECLARATION OF DARIUS SIVIN, PhD**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS, | ) ) ) | |
|        *Petitioner*, | ) ) | Case No. 25-158 |
| | ) | Consolidated with |
|        v. | ) ) | Cases No. 25-572, 25-573 |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | |
|        *Respondents*. | ) | |

## DECLARATION OF DARIUS SIVIN, PhD.

1. I, Darius D. Sivin, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge.

2. I am an occupational health and safety professional, with extensive experience investigating hazards and making recommendations to improve health and safety in occupational settings. I have a PhD. in Public Health, which I received from Johns Hopkins University in 2002.

3. Since 2002, I have been employed by the United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO (the UAW International Union, UAW) as an International Representative. The UAW represents approximately one million active and retired members in North

America, with members in almost every sector of the economy, including corporations of all sizes engaged in manufacturing. These members are routinely exposed to toxic chemicals in their workplaces and are vitally interested in knowing the identity of these chemicals, their potential toxicity, and all legal obligations their employers must follow to ensure their safe use.

4. In my professional capacity, I provide the International Union, UAW and its local union affiliates with technical support, investigations and recommendations dealing with chemicals and other occupational hazards. In assisting the International Union, UAW and its local unions in their capacity as the exclusive collective bargaining agent for workers in a variety of settings, I have negotiated health and safety provisions in collective bargaining agreements, including securing agreement for the elimination of carcinogens in an auto parts factory. In addition, on behalf of the International Union, UAW, I have developed and delivered testimony to congressional committees and authored and collaborated with other unions on comments to various federal agencies (including the Occupational Safety and Health Administration and the Environmental Protection Agency) on proposed regulations affecting worker health and safety.

5. In February 2023, while participating in a plant walkthrough preceding contract negotiations, I received information from a company health and

safety official that two chemicals in the manufacturing process were covered by an EPA "consent order."[1] Based on my familiarity with EPA's new chemical processes, I knew that a "consent order" issued in connection with a new chemical referred to an order EPA issues under Section 5(e) of the Toxic Substances Control Act, 15 U.S.C. § 2604(e), which governs the manner in which a company is permitted to use a new chemical.

6. Exercising its rights under Section 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), which gives a union the right to information relevant to its functions as a collective bargaining representative, the union requested a copy of the consent order. The company's lawyers refused, claiming that it was confidential business information (CBI). The company did provide the union with copies of the safety data sheets (SDSs) for each of the chemicals, as required by OSHA's Hazard Communication Standard, 29 C.F.R. § 1910.1200. One of the ingredients on one of the SDS's was listed only as an "additive," without a chemical name or CAS number.

7. I tried to use EPA's data website, ChemView, to obtain information about these chemicals. ChemView permits searches by the name of the PMN

---

[1] As I explain below, the UAW subsequently received information about the chemicals under a confidentiality agreement. In compliance with that agreement, I am not disclosing the name or location of the company, nor the identity of the chemicals.

submitter, the assigned case number, the chemical name and/or its proposed use. With only the name and location of the employing company, I was unable to retrieve any information from ChemView. I subsequently learned that the reason my search by name was unsuccessful was that the PMN submitter was not the employer but was instead a parent company or supplier. In preparing this Declaration, I again searched ChemView and was able to find the Pre-Manufacturing Notice (PMN) for one of the two chemicals.

8. The company subsequently provided the UAW with information about the chemicals; under a previously signed confidentiality agreement. Unions and companies routinely enter into these kinds of confidentiality agreements during collective bargaining, to balance the union's NLRA rights to information relevant to its representational role and the employer's rights to protect CBI. OSHA's Hazard Communication Standard similarly permits employers to demand confidentiality agreements as a condition of disclosing safety and health information. 20 C.F.R. § 1910.1200(i)(3).

I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection.

Dated: October 14, 2025

Darius D. Sivin, PhD.

4