Case No. 25-158
Consolidated with Nos. 25-572 and 25-573

——————————————

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

——————————————

ALASKA COMMUNITY ACTION ON TOXICS, *et al.*,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,

Respondents,

On Petition for Review of
Final Action of the U.S. Environmental Protection Agency

——————————————

## RESPONDENTS' RESPONSE IN OPPOSITION TO PETITIONERS' MOTION FOR MODIFICATION OF ARGUMENT FORMAT

——————————————

| | |
|---|---|
| *Of Counsel:* | ADAM R.F. GUSTAFSON<br>*Principal Deputy Assistant Attorney General* |
| ELIZABETH THALER<br>DEVI CHANDRASEKARAN | BRADLEY CRAIGMYLE<br>*Deputy Assistant Attorney General* |
| Office of General Counsel<br>U.S. Environmental Protection<br>Agency | KRISTEN SARNA<br>RACHEL MARTINEZ<br>Environmental Defense Section<br>Environment & Natural Resources<br>U.S. Department of Justice<br>P.O. Box 7611 |
| Dated: July 27, 2026 | Washington, D.C. 20044-7611<br>*Counsel for Respondents* |

Petitioners[1] ask this Court to modify the argument format in the above consolidated cases. Petitioners' proposed format is inefficient and inconsistent with the format for similar arguments in consolidated cases.  Petitioners' only reasons for seeking modified argument are that Petitioners' arguments are different and that Labor Petitioners are appearing virtually for argument. But courts routinely hear consolidated cases under its default argument format whereby all Petitioners present first, and Petitioners fail to explain why this case is unique. Additionally, Labor Petitioners' accommodation to appear virtually should not require a change to the default order or argument. Furthermore, it would be inefficient for EPA to separately present its arguments that concern the same Rule and that were presented in one consolidated brief. The Court should deny Petitioners' motion.

## ARGUMENT

The Court should maintain its default argument sequence, whereby Petitioners first present their arguments, EPA subsequently responds, and Petitioners then present their rebuttals.  Petitioners' reasons for a departure from this form lack merit.  First, Petitioners incorrectly characterize their consolidated challenges as wholly unrelated. But Petitioners are challenging the *same* agency

---

[1] Petitioners in these consolidated petitions are composed of two groups: (1) United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO (Labor Petitioner); and (2) and Environmental Defense Fund and Alaska Community Action on Toxics (collectively, Environmental Petitioners).

action promulgated under the *same* statutory framework. Labor Br. at 3; Environmental Br. at 3. The fact that Petitioners bring different arguments does not change that they are challenging the same underlying rule. It would be inefficient for the Court to sequentially hear argument on these cases, where overlapping issues of law and fact regarding the underlying rule may come up for both cases. Additionally, Petitioners bring related arguments regarding EPA's response to comments during the Rule's notice and comment process. Env. Reply at 22; Labor Br. at 23-30. The legal standard and operative documents are the same for these arguments. And EPA should be afforded the opportunity to respond to these overlapping claims at the same time. Indeed, the Court recognized the overlapping issues by consolidating these cases and entering a briefing schedule that accounts for this. Though Labor and Environmental Petitioners filed separate opening briefs and replies, EPA filed one consolidated response brief. *See* EPA Br. This allowed EPA to explain to the Court the Rule at issue and how that Rule interacts with the various arguments brought by Petitioners. *See generally id.* The same efficiencies associated with filing one consolidated brief equally apply here, for EPA to present one consolidated argument.

Second, it is common for argument on consolidated petitions for review of EPA rulemakings to be heard in the Court's scheduled format. In fact, both counsel for Petitioners arguing here have argued in a case challenging EPA action using a

2

consolidated argument format in the D.C. Circuit. *See United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO v. EPA*, Case No. 24-1151, Doc. No. 2106966. There, Environmental Petitioners intervened in support of respondents, and Labor Petitioners challenged the action. Labor Petitioners' arguments were focused solely on the issue of personal protective equipment. *See id.,* Doc. No. 2079317. Environmental Petitioners did not raise any arguments about personal protective equipment. *See id.*, Doc. No. 2094966. Additionally, like here, there was a procedural motion pending before the Court at argument. Still, the argument was consolidated, to ensure the Court could effectively ask all questions regarding the single rule at issue.

Finally, Labor Petitioners' accommodation to appear virtually should not inconvenience the Parties and the Court such that the Court should depart from the default argument format. While EPA did not oppose Labor Petitioner's belatedly filed request to appear virtually, EPA disagrees that such an appearance warrants an inefficient and unconventional presentation of argument. The Ninth Circuit's technological capabilities permit both judges and parties to appear virtually. Nothing about appearing virtually will make it more difficult for the argument to be heard in the typical consolidated form that this Court originally set.

## CONCLUSION

For the foregoing reasons, the Court should deny Petitioners' request to modify the argument format.

Dated: July 27, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
Environment & Natural Resources Division
United States Department of Justice

BRADLEY CRAIGMYLE
*Deputy Assistant Attorney General*

*/s/ Kristen Sarna*
KRISTEN SARNA
Trial Attorney
RACHEL MARTINEZ
Trial Attorney
Environmental Defense Section
P. O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 202-532-3315 (Sarna)
Telephone: (202) 288-1951 (Martinez)
Kristen.Sarna@usdoj.gov
Rachel.Martinez@usdoj.gov

Of Counsel:

ELIZABETH THALER
DEVI CHANDRASEKARAN
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

4

## **CERTIFICATE OF COMPLIANCE**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 687 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Date: July 27, 2026

/s/ Kristen Sarna
KRISTEN SARNA

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Dated: July 27, 2026                              */s/ Kristen Sarna*
                                                   KRISTEN SARNA