**NOT FOR PUBLICATION**

FILED

AUG 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALASKA COMMUNITY ACTION ON TOXICS,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator of the United States Environmental Protection Agency,

Respondents.

No. 25-158

Agency No. EPA-HQ-OPPT-2022-0902
Environmental Protection Agency

MEMORANDUM*

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Respondent.

No. 25-572

Agency No. EPA-HQ-OPPT-2022-0902
Environmental Protection Agency

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JANE NISHIDA, Acting Administrator of the United States Environmental Protection Agency,<br><br>Respondents. | No. 25-573<br><br>Agency No. EPA-HQ-OPPT2022-0902<br>Environmental Protection Agency |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted August 13, 2026
Anchorage, Alaska

Before: CALLAHAN, BEA, and BUMATAY, Circuit Judges.

This consolidated action involves three petitions for review of a rule that the United States Environmental Protection Agency (EPA) promulgated in 2024 (the "2024 Rule") pursuant to the Toxic Substances Control Act of 1976 (TSCA), 15 U.S.C. § 2601, *et seq*. We have original jurisdiction to review petitions that challenge rules promulgated pursuant to TSCA. *Id.* § 2618(a)(1)(A). For the reasons below, we deny the petitions.

1. We reject the arguments raised by the environmental advocacy groups Alaska Community Action on Toxics and Environmental Defense Fund ("Environmental Petitioners") in their petitions for review.

Under TSCA, before an entity may manufacture a new chemical substance, it must file a "premanufacture notice" (PMN) with EPA and obtain the agency's approval. *Id.* § 2604(a)(1)(B). The statute gives EPA 90 days to complete its PMN review, *see id.* § 2604(i)(3), but the process often takes years in practice. However, TSCA permits EPA to exempt a manufacturer of "any new chemical substance" from all or part of the PMN process if EPA determines that the use of that chemical substance "will not present an unreasonable risk of injury to health or the environment." *Id.* § 2604(h)(4).

In the 2024 Rule, EPA added a regulation governing when "PBT" chemicals—so called because of their persistence (P) in the environment, accumulation in biological organisms ("bioaccumulation") (B), and toxicity (T)—may be eligible for certain statutory exemptions. 40 C.F.R. § 723.50(b)(12), (d)(2)(ii). Under the new regulation, EPA reviews exemption requests brought by manufacturers of PBT chemicals on a case-by-case basis and denies the requests if EPA finds that there is a risk of "potentially unreasonable exposures" to the PBT chemicals. *Id.* § 723.50(d)(2)(ii) (the "PBT Regulation"). Environmental Petitioners jointly argue that EPA was required to make PBT chemicals *categorically ineligible* for the PMN exemptions. Environmental Petitioners contend that the PBT Regulation, which established that EPA would review exemption requests involving PBT chemicals on a case-by-case basis, violated the

Administrative Procedure Act (APA) because it was arbitrary and capricious and exceeded EPA's statutory authority. *See* 5 U.S.C. § 706(2)(A), (C). These arguments fail.

*First*, EPA validly promulgated the PBT Regulation pursuant to its authority under 15 U.S.C. § 2604(h)(4). We exercise our "independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024). In some cases, "the best reading of a statute is that it delegates discretionary authority to an agency[.]" *Id.* at 395. That is true of § 2604(h)(4), so we uphold the PBT Regulation.

Section 2604(h)(4) authorizes EPA to consider exemptions for "*any* new chemical substance," on a case-by-case basis "upon application." 15 U.S.C. § 2604(h)(4) (emphasis added). A "PBT chemical substance," 40 C.F.R. § 723.50(b)(12), falls within the statutory phrase "any new chemical substance," 15 U.S.C. § 2604(h)(4). The statutory authority to review exemption applications on a case-by-case basis ("upon application"), *id.* § 2604(h)(4), empowers EPA to review exemption requests for PBTs on a case-by-case basis and to decline to issue a rule categorically barring PBTs from eligibility for the low-volume or low-exposure exemptions, *see* 40 C.F.R. § 723.50(d)(2)(ii).

Moreover, the standard governing EPA's grant of exemptions under the PBT Regulation complies with the statutory standard for granting exemptions. Section

2604(h)(4) permits EPA to exempt "any new chemical substance" from PMN review "if [EPA] determines" that the exemption applicant's planned use of the substance "*will not present an unreasonable risk of injury to health or the environment*." 15 U.S.C. § 2604(h)(4) (emphasis added). Under the challenged regulation, a PBT chemical substance is ineligible for the low-volume or low-exposure exemptions if EPA finds that there are "potentially unreasonable exposures to humans or environmental organisms." 40 C.F.R. § 723.50(d)(2)(ii).

*Second*, the PBT Regulation is not arbitrary or capricious. Environmental Petitioners contend that EPA's decision to review exemption requests involving PBTs on a case-by-case basis, rather than making PBTs categorically ineligible for the exemptions and requiring full PMN review in every case, was arbitrary and capricious. But EPA expressly considered both a categorical ban and a case-by-case approach. Although EPA expected that "most exemptions for PBT chemical substances will not be granted," it also concluded that "there are instances where PBT chemical substances can be managed under an exemption." Indeed, EPA noted that an exemption might be appropriate if the PBT is used in a "closed system" to make semiconductors. Because the PBT Regulation governs new chemical substances, including those not yet developed, it was reasonable for EPA to reject a categorical ban. "[W]hen an agency makes . . . speculative assessments or predictive or scientific judgments, and decides what qualifies as significant or

feasible or the like, a reviewing court must be at its most deferential." *Seven Cty. Infrastructure Coal. v. Eagle Cty.*, 605 U.S. 168, 182 (2025) (citation omitted). EPA's explanation satisfied this standard.

2. We reject the separate challenge raised by petitioner the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW).

During the comment period for EPA's rulemaking, UAW submitted a comment that discussed matters tangential to EPA's proposed rule. EPA responded that UAW's proposal was outside the scope of the rulemaking. UAW argues that the APA required EPA to address the proposal's substance. That argument fails.

UAW's comment urged EPA to revise the substance of orders that EPA issued to manufacturers pursuant to 15 U.S.C. § 2604(e). But in its rulemaking, EPA had not proposed any changes to regulations issued pursuant to § 2604(e). The APA "has never been interpreted to require the agency to respond to every comment, or to analyse every issue or alternative raised by the comments, no matter how insubstantial." *Thompson v. Clark*, 741 F.2d 401, 408 (D.C. Cir. 1984) (Scalia, J.). "[A]n agency need only respond to 'significant' comments, *i.e.*, those which raise relevant points and which, if adopted, would require a change in the agency's proposed rule." *Am. Mining Congress v. EPA*, 965 F.2d 759, 771 (9th Cir. 1992) (citation omitted). Here, UAW's comment was not significant because it did not

address an issue presented in EPA's proposed rule. The only aspect of EPA's proposed rule that UAW cited was EPA's proposal to change how certain scientific information would be made public—through publication in the Federal Register or through EPA's online database. Yet UAW's comment did not discuss the relative benefits of publication through either medium or address any matter germane to EPA's proposed rule. Because UAW's comment concerned matters outside the scope of the rulemaking, EPA did not violate the APA by declining to address the comment's substance.

**PETITIONS DENIED.**